UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID LEE PHILLIPS, | ) |
| Plaintiff, | ) |
| v. | ) 2:09-cv-00826-KJD-LRL |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*, | ) **O R D E R** |
| Defendants. | ) |

     Before the court is defendants' Motion to Strike Late-Identified Expert (#21). The court has considered the motion (#21), plaintiff's Opposition (#25), and defendants' Reply (#27).

     This case stems from allegations that the Las Vegas Metropolitan Police Department used excessive force during an improper stop of plaintiff, David Lee Phillips. Discovery in this case has been extended by stipulation three times. Pursuant to Order (#24), the current discovery cut-off date is December 8, 2010. Pursuant to the first extension of discovery deadlines, expert disclosures were due by April 9, 2010. Order (#14). The expert disclosure deadline was not extended by later scheduling orders.

     Plaintiff timely disclosed a police practices expert on April 9, 2010. The instant motion (#21) concerns plaintiff's late-filed disclosure of an additional expert, Terence D. Miethe, Ph.D., and his report on May 18, 2010. Defendants urge the court to strike Dr. Miethe as an expert witness because he was not disclosed by plaintiff prior to the expert disclosure deadline. Defendants argue that they are prejudiced by the late identification, inasmuch as they are not able to prepare an adequate rebuttal. In addition, defendants argue that the report is not relevant to the case, and therefore his exclusion as a witness would not negatively impact plaintiff.

1    Rule 26(a)(2) requires disclosure of expert testimony within the time set by the court. It is
2 undisputed that Dr. Miethe was disclosed after the court's April 9, 2010 deadline. Accordingly, plaintiff
3 should be precluded from calling Dr. Miethe as a witness at trial unless plaintiff can demonstrate that
4 his failure to timely disclose Dr. Miethe was "harmless" or "substantially justified." Rule 37(c)(1). The
5 court finds the five week delinquency in disclosing Dr. Miethe to be substantially justified. Plaintiff
6 did not purposefully or even negligently fail to produce Dr. Miethe by the cutoff. Rather plaintiff
7 represents that he was not aware of Dr. Miethe or his study "until after there was publicity on this matter
8 and the information was brought to plaintiff and it was disclosed immediately thereafter." Opp'n (#35)
9 at 6. Further, defendants need not worry that they are prejudiced by the late disclosure. The discovery
10 cutoff date has been extended to December 8, 2010, *see* Order (#24), which affords defendants time to
11 depose Dr. Miethe, if they wish, and to designate a rebuttal expert and allow plaintiff to depose that
12 expert if he wishes to do so. As for defendants' contention that Dr. Miethe's testimony or his report are
13 not relevant, it will be for the trial judge as gatekeeper at the appropriate time to determine whether Dr.
14 Miethe or any other expert should be permitted to testify and express an opinion under Rule 702.

   For these reasons, and for good cause shown,

   IT IS ORDERED that defendants' Motion to Strike Late-Identified Expert (#21) is denied.

   DATED this 20th day of October, 2010.

   _____
   **LAWRENCE R. LEAVITT**
   **UNITED STATES MAGISTRATE JUDGE**